IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GRANDINETTI, FRANCIS A., #A0185087, | CIV. NO. 13-00617 SOM/BMK |
| Plaintiff, | DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915(g) |
| vs. | |
| TARTAGLIA, et al., | |
| Defendants. | |

**DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915(g)**

Before the court is *pro se* plaintiff Francis A. Grandinetti's prisoner civil rights action.[1] Grandinetti complains that he did not receive a copy of the results of a drug test that he refused to allow prison authorities to perform in or about October 2013. *See* Compl., ECF No. 1. Grandinetti has neither submitted an *in forma pauperis* ("IFP") application nor paid the statutory filing fee for commencing this action.

**I.  28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in

---

[1] Grandinetti refers to Civ. No. 12-00489 HG on his mailing envelope, suggesting that he intended to file this document in that action. Civil No. 12-00489 was terminated in September 2012, however, and Grandinetti's allegations concern an incident that apparently occurred more than a year later. The Clerk was therefore directed to open a new action rather than file these new claims in Civ. No. 12-00489.

>  a court of the United States that was
>  dismissed on the grounds that it is
>  frivolous, malicious, or fails to state a
>  claim upon which relief may be granted,
>  unless the prisoner is under imminent danger
>  of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

The court takes judicial notice that Grandinetti has had at least three cases dismissed in this court that qualify as "strikes" under 28 U.S.C. § 1915(g). *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007). They are:

>  (1)  *Grandinetti v. U.S. Marshals Serv.*, Civ. No.
>       00-00489 SOM-KSC (D. Haw. Aug. 1, 2001)
>       (dismissed for failure to state a claim);
>
>  (2)  *Grandinetti v. Bobby Ross Group Inc., et al.*,
>       Civ. No. 96-00117 (E.D. Tex. Mar. 5, 1999)
>       (dismissed as frivolous and for failure to
>       state a claim); and

      (3) *Grandinetti v. Iranon, et al.*, Civ. No. 96-00101 (E.D. Tex. Jan. 26, 1998) (dismissed as frivolous and for failure to state a claim).[2]

*See* PACER Case Locator, http://pacer.psc.uscourts.gov (last visited September 23, 2013).  Grandinetti may not bring a civil action without complete prepayment of the entire filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

    "[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time."  *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."  *Id.* at 1055.  Claims of "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse.  *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

    Grandinetti's claims that he did not receive the results of a drug test that he refused to take do not support a finding of imminent danger of serious physical injury.  Nothing

---

[2] The court has notified Grandinetti of his strikes numerous times.  *See e.g.*, *Grandinetti v. Champion Air*, Civ. No. 12-00528 SOM; *Grandinetti v. Inverness Med. Co.*, Civ. No. 12-00489 HG; *Grandinetti v. U.S. Attorney Gen.*, Civ. No.12-00430 HG.

else within the Complaint suggests that Grandinetti was in imminent danger of serious physical injury when he filed this action.  Grandinetti may not proceed without prepayment of the civil filing fee.  The Complaint and action are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).  Grandinetti may reassert these claims in a new action by concurrently submitting the entire $400.00 filing fee.  Any pending motions are DISMISSED.  The Clerk shall close the case and note this dismissal is pursuant to 28 U.S.C. § 1915(g).

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, November 20, 2013.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    Chief United States District Judge

*Grandinetti v. Tartiglia*, Civ. No. 13-00617 SOM/BMK; J:\ProSeAttys\3 Stks\ DMP\2013\ Grandinetti 13-617 SOM (no ifp, drug tst, no imm dng)